IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMANDA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| PERFICIENT, INC., | ) | |
| | ) | 1:20-cv-02124-SEG-CMS |
| | ) | |
| Defendant. | ) | |

_____

**PERFICIENT, INC.'s OBJECTIONS TO THE MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION**

COMES NOW Perficient, Inc. ("Perficient" or "the Company") and, pursuant to 28 U.S.C. § 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Rule 72.1, N.D. Ga., files its limited Objections to the portions of the Magistrate Judge's April 4th, 2022, Non-Final Report and Recommendation [Doc. 88] ("R&R") recommending that Perficient's Motion for Summary Judgment be granted in full.

**INTRODUCTION**

At the outset, Perficient submits that the Magistrate Judge was absolutely correct in her recommendation that Perficient's Motion for Summary Judgment be granted. However, given that Plaintiff has signaled she will mount an attack on

seemingly all[1] of the Magistrate Judge's reasoning, and to preserve its rights on appeal in the event of an unfavorable outcome, Perficient files these limited objections to sections of the R & R where it believes the Magistrate Judge reached an incorrect conclusion.

**ARGUMENT AND CITATION OF AUTHORITY**

I. **Plaintiff was not disabled under the ADA or ADAAA.**

The Magistrate Judge correctly articulated the new standard for disability under the ADAAA but omits a crucial portion of the definition. "Under this more lenient standard, courts consider whether an impairment 'substantially limits the ability of an individual to perform a major life activity *as compared to most people in the general population*.'" 29 C.F.R. § 1630.2(j)(ii)(Emphasis added). Even an episodic impairment may be a disability under the Act "if it would substantially limit

---

[1] Objections to the R & R were originally due on April 19, 2022. Plaintiff previously requested an additional month to file her objection based on "existing Court deadlines and case commitments." [Doc. 90 at 2]. Plaintiff later requested an additional extension of time until "fourteen (14) days after the parties receive a transcript of the March 1 oral argument." [Doc. 94 at 3]. This time, Plaintiff claimed that "[t]he arguments raised in the hearing expanded upon the arguments in the parties' written briefs, addressing crucial issues that appear to have informed the conclusions in the Report and Recommendation." Id. Perficient does not understand how Plaintiff reached this conclusion, given that the Magistrate Judge references the oral argument only *once* in the R & R, in a footnote. [Doc. 88 at 42].

a major life activity when active." 42 U.S.C. 12102(4)(D). And even temporary impairments—those lasting less than six months—can be substantially limiting within the meaning of § 12102(1)(A). 29 C.F.R. § 1630.2(j)(1)(ix). Despite this generous standard, "not every impairment will constitute a disability within the meaning [of the ADAAA]." *Id.* § 1630.2(j) (1)(ii). <u>Vaughan v. World Changers Church Int'l, Inc.</u>, No. 1:13-CV-0746-AT, 2014 WL 4978439, at *9 (N.D. Ga. Sept. 16, 2014).

In determining that Ms. Moore suffered from a disability, the Magistrate Judge noted testimony from Moore that she "at times had 'difficulty concentrating, difficulty, you know, getting my thoughts out," and that she "suffers from panic attacks stemming from her anxiety." [Doc. 88 at 23]. The Magistrate Judge continues, "Moore testified that her anxiety caused her to be 'irritable, and disorganized."

However, the "evidence" Plaintiff has submitted in support of the proposition that her purported anxiety is worse than that of "most people in the general population" simply falls flat. The Magistrate Judge cites to other portions of testimony *from Ms. Moore herself* as evidence. [Doc. 88 at 23]. A review of this testimony reveals nothing, however, but self-serving assertions, not evidence:

- Pl. Dep. at 15-16 (Plaintiff claimed she took valium "probably a couple of months ago" but remembered absolutely *nothing* else about the episode, including what precipitated the heart palpitations, what time of day she took the valium, etc.)

- Pl. Dep. at 45 (During a review of her initial disclosures, Plaintiff claimed that a colleague named Keri MacIntyre witnessed Plaintiff having panic attacks because Ms. Moore allegedly told her "Hey, I had a hard time getting out of bed today. Hey, my travel day was crazy, you know, I got stopped at the airport, and was late, you know for flights, and I had trouble packing last night.")

- Pl. Dep. at 96 (Plaintiff claimed a former colleague named Brittany Wolf Harvie witnessed her having a panic attack in *2011*, but again remembered little else about the incident)

- Pl. Dep. at 160 (Plaintiff claimed that she was dizzy when standing up and vomited during a business trip with Ms. Hoffman, but "didn't know at the time [she] was having a panic attack")

- Pl. Dep. at 194 (Plaintiff claimed that she suffered a panic attack in 1999[2], 12 years before she began working for Perficient).

Perficient submits that none of the above claims create a genuine issue of material fact as to whether Plaintiff was (or is) disabled. To the contrary, *many* people become stressed while traveling for a variety of reasons completely unrelated to a claimed disability. Thus, as in <u>Vaughn</u>, the Court should grant Perficient summary judgment as to the issue of whether Plaintiff suffered from a disability because she has failed to provide any evidence that her purported stress was any worse than that of the average business traveler.

## II. **Plaintiff was not qualified for the project manager position**

The Magistrate Judge noted the "project manager" job description requires them to have the "ability to travel to client sites as needed." [R & R at 26 citing Doc. 61-4 at 2]. However, she then discounted this fact by stating that "not all project manager *assignments* at Perficient required extensive travel." (R & R at 26). Simply stated, the standard of an essential job function is not whether all project managers

---

[2] Plaintiff refused to provide a medical release for documents going back more than ten years, so Perficient has never seen any evidence that there is any truth to this claim.

*did* travel, or were placed on *travel* assignments, but whether all project managers *were required to travel if necessary*.

Ms. Hoffman specifically addressed this situation in her Declaration. [Doc. 71-2]. She noted that "[m]any Perficient Project Managers were required to travel to client locations in or around 2019, including Plaintiff. Id. at ¶ 7. However, some were not, including Matt Farkas and Ken Blackledge, but this was only because they were assigned to local Atlanta accounts. All Project managers could have been required to travel "as needed" if they did not have local projects. Ms. Hoffman addressed this scenario too:

> "if the projects to which Messrs. Farkas and Blackledge had ended, or if their clients ended their engagements with Perficient, I would have had to find new projects for them, just like I did for Plaintiff. In such a circumstance, if there were no available projects in the Atlanta area that matched their skill sets, I would have offered Messrs. Farkas and Blackledge projects which would have required travel just like those offered to Ms. Moore."

Id. at ¶¶ 41-42. It will suffice to say that, had Messrs. Farkas and Blackledge turned down projects that required travel, they too would have been placed "on the bench." In the same way, if they remained on the bench for a lengthy period of time, and still refused to accept an assignment requiring travel, and if no local projects were on the horizon, they too would have been terminated, just like Ms. Moore. Ms. Moore has

not refuted, and cannot refute, this fact. As such, travel *was* an essential job function of the Project Manager position, and her refusal to travel rendered her unqualified.

The Magistrate Judge's contentions to the contrary are unavailing. The R&R states that "Perficient recognizes that Moore was always able to do her job, yet it nevertheless argues that she was not a qualified individual because travel is an essential function of her job." (R & R at 25). To be clear, Perficient submits that Moore was always *able* to do her job from an ADA standpoint, but that she *refused* to do her job. The R&R then (again) focuses on the fact that some "assignments" could be done remotely or with little travel. Yet in the next sentence, the R&R recognizes that there were no such assignments at the time of Moore's termination.

The R&R then states that "some project manager *assignments* at Perficient were based in Atlanta." Id. Again, this says nothing of whether Project Managers in general were required to "travel to client sites as needed." The same holds true with the R&R's quote that "some clients would allow their project managers to work remotely, upon request." Id. There is certainly no evidence in the record that any such clients existed at the time of Moore's termination, and it does not change the requirement that all Project Managers have the *ability* to travel to client cites as needed.

The R&R goes on to postulate that because the job description distinguishes between "traveling colleagues" and "nontraveling colleagues", this somehow renders the *ability* to travel non-essential. As discussed above, some Project Mangers traveled and some did not, but this does not change the fact that all of them could have been required to travel. Similarly, the fact that "[p]roject managers were asked to indicate on their internal resumes how much travel they were willing to perform on an assignment[,]" does not in any way demonstrate that the ability to travel was non-essential. Id. As Perficient has maintained throughout this litigation, Project Managers could *request* limited or no travel or document their *preference* not to travel. If a Project Manager indicated that he/she would not travel at all, Perficient would certainly look for a local project for him/her, but if there was no such project, Perficient would have terminated them. This is precisely what happened with Ms. Moore.

Perficient will not belabor the point, but the Magistrate Judge's last assertion that "a reasonable jury could conclude that project managers who were willing and able to travel had more options in terms of assignments, but that the ability to travel *was not necessarily* essential to the job" underscores Perficient's entire argument. At the time of her termination, Ms. Moore had *no* other options. Accordingly, when

she refused to travel, even though she had the ability to do so, Perficient had no other options either.

## **CONCLUSION**

Again, Perficient files these limited Objections to the aforementioned portions of the R&R to contest the Magistrate's conclusions on these issues and to preserve its rights on appeal. Perficient stresses that the Magistrate Judge's overall reasoning should remain undisturbed and her recommendation of full dismissal of Plaintiff's claims should be followed.

Respectfully submitted, this 3rd day of June, 2022.

*s/ J. Mason Wymer*
J. Mason Wymer
Georgia Bar No. 256026

ELARBEE, THOMPSON, SAPP &
 WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
wymer@elarbeethompson.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMANDA MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| PERFICIENT, INC., | ) |
| | ) 1:20-cv-02124-SEG-CMS |
| | ) |
| Defendant. | ) |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on June 3rd, 2022, I electronically filed the foregoing **PERFICIENT, INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION** with the Clerk of the Court using the CM/ECF system.

s/ J. Mason Wymer
J. Mason Wymer
Georgia Bar No. 256026

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, N.E.
800 International Tower
Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
wymer@elarbeethompson.com